[Cite as *In re J.G.*, 2019-Ohio-3620.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

IN RE:                                    :

    J.G.                                  :               CASE NO. CA2019-02-001

                                                                        :               O P I N I O N
                                                                         9/9/2019

                                                       :

                                                       :

                                                       :

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No.  AND20180323

Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, 110 East Court Street, 1st Floor, Washington Court House, Ohio 43160, for appellee Fayette County Children's Services

Mary E. King, 153 East Court Street, Post Office Box 70, Washington Court House, Ohio 43160, for appellee grandmother

Steven H. Eckstein, 1208 Bramble Avenue, Washington Court House, Ohio 43160, for appellant mother

**PIPER, J.**

{¶ 1}  Appellant, M.H. ("Mother"), appeals a decision of the Fayette County Court of

Common Pleas, Juvenile Division, granting legal custody of her child, J.G., to appellee, T.G.,

the child's maternal grandmother ("Grandmother").[1]

{¶ 2} Fayette County Children Services ("the Agency") removed J.G. from Mother's home after investigating reports of a mouse and roach infestation therein. During the home inspection, the Agency observed a baby crib that contained dirty blankets, dirty plates, and a soda bottle. The Agency also observed visible bug bites on J.G., who was a year old at the time of removal. J.G. was also the subject of a separate open case with the Agency because of severe diaper rash concerns.

{¶ 3} After J.G.'s removal, the Agency filed a complaint requesting temporary custody, and alleging that the child was dependent and neglected. The court granted an ex parte order, giving temporary custody to the Agency, who then placed the child with Grandmother. The court later held an adjudicatory hearing wherein Mother admitted J.G.'s dependency and waived the right to a dispositional hearing. The court continued temporary custody to the Agency, and thereafter, Grandmother filed a motion for custody of J.G.

{¶ 4} The juvenile court later held a review hearing and heard testimony regarding J.G.'s placement with Grandmother. The court determined it was in J.G.'s best interest to grant legal custody of the child to Grandmother. Mother now appeals the court's decision, raising the following assignment of error:

{¶ 5} THE TRIAL COURT COMMITTED PLAIN ERROR IN AWARDING LEGAL CUSTODY TO MATERNAL GRANDMOTHER ABSENT ANY COMPLIANCE WITH R.C. 2151.353(A)(3).

{¶ 6} Mother argues in her assignment of error that the juvenile court committed plain error by granting legal custody to Grandmother without Grandmother first filing a statement of understanding according to R.C. 2151.353(A)(3).

---

1. J.G.'s father did not file a brief and is not a party to this appeal.

{¶ 7} Pursuant to R.C. 2151.353(A)(3), the juvenile court is authorized to award legal custody of a child adjudicated abused, neglected, or dependent to any person who, prior to the dispositional hearing, files a motion requesting legal custody. The court may also grant legal custody to a proposed legal custodian who is identified as such in a complaint or motion filed by a party to the proceedings if that proposed legal custodian signs a "statement of understanding for legal custody." The required statement of understanding, set forth in R.C. 2151.353(A)(3)(a) thru (d), ensures that the legal custodian, who is not independently moving for legal custody, understands the special responsibility and permanence involved in accepting legal custody of a child. The proposed legal custodian must also agree to be present at the dispositional hearing. *In re B.L.*, 12th Dist. Butler Nos. CA2017-09-147 and CA2017-09-148, 2018-Ohio-547, ¶ 24.

{¶ 8} While Grandmother did not file a statement of understanding, she was not required to. As noted above, this court has previously determined that the only person required to file the statement of understanding is a "proposed legal custodian" identified in a complaint or motion filed by a party to the proceedings, such as a child service agency. However, if a person files a motion for custody, as Grandmother did herein, that person is under no statutory obligation to file a statement of understanding. Thus, Mother's assignment of error is overruled, as the juvenile court did not commit any error by granting custody of J.G. to Grandmother without Grandmother first filing a statement of understanding.

{¶ 9} Judgement affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.